Appeal from Special Term, Suffolk County.

Action by one Jayne against one Brown. From a judgment in favor of defendant, plaintiff appeals. Affirmed. on the opinion of Mr. Justice Smith at Special Term:

The plaintiff has failed to establish to my satisfaction that there was any agreement or understanding between himself and daughter, either express or implied, that she should convey the property in question to him upon his request. No witnesses were present when the alleged agreement was made, and the denial of the defendant that said agreement was made is quite as credible as the testimony of the plaintiff, and more thoroughly and satisfactorily corroborated by the conceded facts in the case. If such oral agreement was made, it contravenes the statute of frauds, and will not be enforced by a court of equity, unless the failure to do so would work fraud upon the plaintiff. Both in a legal and moral sense the equities of the case are with the defendant. The plaintiff formerly had title to the property, but suffered it to become so heavily incumbered that it was foreclosed, and the title became vested in the mortgagee, the Mutual Life Insurance Company of New York. I am satisfied that, had it not been for the personal efforts of the defendant, she would not have obtained title to the property. The plaintiff furnished $400 of the purchase money, but it was the proceeds of property, the title to which was in the defendant, and there is nothing in the case from which it may be determined that the title to that property became vested in her under such circumstances that the plaintiff had any legal claim upon the proceeds of its sale. The $400 was not sufficient, and the defendant secured a loan, upon her personal bond and a second mortgage, from Mr. Dutcher. The plaintiff had also solicited a loan from Mr. Dutcher, but it is apparent from the testimony that, had it not been for the defendant, the loan would not have been made by him. The plaintiff parted with nothing upon the faith of this alleged agreement, and incurred no personal obligation. It is apparent that, since the defendant took the title and went into possession, she has consistently used and claimed the property as her own. She has sold portions of it without consultation with the plaintiff, has kept it up and paid the taxes and interest, and, with true filial spirit, has maintained her father and mother on the premises. The property has increased in value since she took title thereto, and that probably furnishes an explanation for the cause of this litigation.

Under all the circumstances of the case, to now deprive the defendant of the property would work a grave injustice to her, and I decide that the complaint must be dismissed upon the merits, with costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Maurice Breen (Wm. J. Lippmann, of counsel), for appellant.
Fred Ingraham (James W. Treadwell, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Wilmot M. Smith at Special Term.

---

SMITH v. LAZIER GAS ENGINE CO.

(Supreme Court, Appellate Division, Fourth Department. March 29, 1904.)

1. COMPLAINT—CAUSE OF ACTION ALLEGED—NONPERFORMANCE OF CONTRACT—WARRANTY.

A complaint set out a contract by which defendant agreed to furnish an engine which it warranted would develop a certain power, for which plaintiff agreed to pay $570 and a secondhand engine, to be taken at $100; alleged that plaintiff, relying on the warranties, set up the engine, and

attempted to run it, but could not; then alleged facts showing a breach of the contract to furnish the engine agreed on, its removal from plaintiff's premises, the expense he was put to in setting it up, the loss of the use of his mill, and failure of defendant to return or pay for the secondhand engine; alleged that the rental value of plaintiff's mill was $100 a month, and that by reason of the premises, and of the breach of warranty, and by reason of the moneys so necessarily expended about the engine, and of the loss of trade and of the loss of the rental value of the mill plaintiff was damaged $800. *Held*, that the complaint alleged not a cause of action on the warranty, but one for nonperformance of contract.

Appeal from Special Term.

Action by Henry Smith against the Lazier Gas Engine Company. From a judgment for plaintiff and from an order denying a motion for new trial, defendant appeals. Affirmed.

The following is the opinion of the court below. (Nash, J.):

The defendant moves for a new trial principally upon the ground that, the action being upon an express warranty, the plaintiff is not entitled to recover for the reason that no action will lie on a warranty unless the title to the property alleged to have been warranted has fully passed to the buyer. English v. Hanford, 75 Hun, 428, 27 N. Y. Supp. 672. This point was not made at the trial. The plaintiff's counsel upon the trial referred to his cause of action as one for a breach of warranty. The defendant's counsel moved to dismiss the complaint upon the ground that there had been no evidence of any breach of the warranty set up in the complaint. The complaint does not allege a cause of action upon the warranty. The gravamen of the complaint is nonperformance of the contract by the defendant. A copy of the contract is set out in the complaint, by the terms of which the defendant agreed to furnish a gas engine, which the defendant warranted would develop twenty-five horse power, for which the plaintiff agreed to pay $570 and a secondhand steam engine and boiler, which it is alleged was agreed to be taken by the defendant at $100; that, relying upon the warranties contained in the agreement, the plaintiff set up said engine in his mill; that, relying on said warranties, the plaintiff attempted to run and use the said engine, and was unable to use it; and then proceeds to allege the facts showing not a breach of the warranty, but a breach of the contract to furnish the engine agreed upon, the removal of the engine from the plaintiff's premises, the expense the plaintiff was put to in setting up the engine, the loss of the use of the plaintiff's mill, and the failure of the defendant to return or pay for the secondhand steam engine and boiler which the plaintiff had delivered to the defendant, and claimed damages in the sum of $800. The last subdivision of the complaint is as follows: "(9) That the fair rental value of the plaintiff's said gristmill is one hundred dollars per month, and that by reason of the premises, and of the said breach of warranty contained in said agreement so made as aforesaid, and by reason of the moneys so necessarily expended in and about said gas engine, and of the loss of trade and custom, and of the loss and depreciation of and in the rental value of the plaintiff's said gristmill, said plaintiff has been damaged in the sum of $800." The plaintiff, upon the trial, gave evidence tending to establish the allegations of the complaint. No evidence of damages as for a breach of the warranty was given or offered by the plaintiff. The case was not submitted to the jury as an action to recover damages for a breach of the warranty. In the charge of the jury it was stated that in the contract to sell the company warranted the engine to run smoothly and to develop 25 horse power. There was no other reference to the warranty in the charge. The case of the plaintiff for a breach of the contract—its nonperformance—was stated; and the jury were instructed that, if they found that the defendant had failed to establish the defense of a settlement, the verdict should be for the plaintiff for such damages as he had sustained, and that would be the price of the steam engine and boiler, freight, cartage, and setting up the gas engine, and

the value of the use of the mill during the time the plaintiff had not been able to use it. There was no exception to the charge, either as to the manner of stating the case to the jury or to the instruction as to the damages the plaintiff was entitled to recover. The case having been tried upon what seems to me is the correct theory, I am of the opinion that the verdict should stand.

Motion for a new trial denied, with $10 costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Elbridge L. Adams, for appellant.
Frank K. Cook, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, upon opinion of Nash, J., delivered at Special Term.

---

ROOSEVELT et al. v. SCHILE et al.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. MORTGAGES—FORECLOSURE—SALES—SETTING ASIDE—RESALE.

A mortgage covered lots A and B. A second covered lots A, B, and C. A third covered lots A and B. A fourth covered lots C and D. A fifth covered lots A, C, D, and E. A sixth covered lots A, C, D, and E. All the mortgages were foreclosed. Sales were had only under judgments foreclosing the third and sixth mortgages. At the sale under the judgment foreclosing the third mortgage, only lot B was offered for sale, and it was sold subject to the judgments foreclosing the first and second mortgages, and a deed was duly made to the purchaser. The amount realized was not sufficient to pay the judgment. The lots covered by the sixth mortgage were then sold under the judgment foreclosing that mortgage, subject to judgments in the other actions. *Held,* that orders setting aside the sales and ordering a resale on motions of the guardian ad litem for some of the defendants were proper; it being impossible to tell for what sum any piece sold, or how much the whole property realized.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Separate actions by John E. Roosevelt and others against Romeo H. Schile and others to foreclose separate mortgages. From orders setting aside sales had under judgments of foreclosure in two actions, and ordering a resale, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James A. Speer, for appellants.
John M. Perry, for infant respondents.
William G. McCrea, for respondents Lange and others.
Edw. W. S. Johnston, for respondents Schile and others.

PATTERSON, J. These are two appeals by the plaintiffs alone from orders of the Special Term made in two actions, viz., Nos. 3 and 6. Those actions were brought for the foreclosure of mortgages, and at the same time other actions, known as 1, 2, 4, and 5, were